FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JAN 27 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>        Petitioner,<br><br>    vs.<br><br>WARDEN WONG,<br><br>        Respondent. | Case No. CV 11-703-MMM (RNB)<br><br>ORDER TO SHOW CAUSE |

On January 10, 2011, petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California. Since it appeared from the face of the Petition that it was directed to a 1995 conviction and sentence sustained in Los Angeles Superior Court, the matter was transferred to the Central District of California and filed here on January 24, 2011.

As best the Court can glean from the Petition, petitioner's sole claim is a sentencing error claim that is predicated on the proposition that the application of the prior conviction exception recognized by the Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) violates his federal constitutional rights under the Sixth and Fourteenth Amendments to trial by jury and due process of law.

//

1 | The standard of review applicable to petitioner's sentencing error claim is set
2 | forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death
3 | Penalty Act of 1996 ("AEDPA"):

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

Under the AEDPA, the "clearly established Federal law" that controls federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); see also Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653, 166 L. Ed. 2d 482 (2006); Smith v. Patrick, 508 F.3d 1256, 1260 (9th Cir. 2007).

The Supreme Court has never held that the Sixth Amendment right to trial by jury applies to the fact of a prior conviction. To the contrary, as petitioner acknowledges, the Supreme Court expressly held in Apprendi that, "**[o]ther than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Apprendi, 530 U.S. at 490. Nor has the Supreme Court ever held that the application of the prior conviction exception recognized by the Supreme Court in Apprendi violates a state prisoner's Fourteenth Amendment right to due process of law.

Accordingly, on or before February 28, 2011, petitioner is ordered to show cause in writing, if any he has, why his Petition should not be denied for failure to state a claim on which federal habeas relief may be granted and this action should not be summarily dismissed with prejudice.

DATED: January 26, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE